■ In the Matter of ROBERT CARNIOL, Appellant, v NEW YORK CITY TAXI AND LIMOUSINE COMMISSION et al., Respondents. [2 NYS3d 337]—

Judgment, Supreme Court, New York County (Kathryn E. Freed, J.), entered October 3, 2013, denying petitioner's motion, granting respondents' cross motion to deny petitioner's amended petition for, among other things, the restoration of his taxi driver's license, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The court correctly concluded that petitioner failed to exhaust his administrative remedies, because he failed to appeal respondent Chairperson's final decision to revoke petitioner's license (*see* 35 RCNY former 68-18 [a], now 68-11 [a]). Contrary to petitioner's argument, the court correctly found that the revocation of petitioner's license was a "[d]iscretionary [r]evocation," which may be appealed to the full Commission (*id.*), and not a mandatory revocation. As the court found, when read as a whole, 35 RCNY former 2-87 (a) (1) (now 35 RCNY 54-02 [e]), which prescribes the penalties for engaging in overcharging in violation of 35 RCNY former 2-34 (now 54-17 [a]), indicates that the Commission "shall revoke" a driver's license when there have been three findings by respondent New York City Taxi and Limousine Commission (TLC) that the driver violated the overcharging rule (*id.*), not merely when there have been three incidents of overcharging by the driver. Accordingly, although petitioner was found to have overcharged passengers on numerous occasions, that adjudication was his first offense and did not automatically mandate revocation. Appeal to the full Commission was available and petitioner failed to pursue it.

Even if petitioner had exhausted his administrative remedies, he would not prevail. We reject petitioner's contention that the data from a Global Positioning System (GPS) device installed by TLC as part of its Taxi Technology System was obtained in violation of the New York State Constitution and the United States Constitution. Even if the installation of the device constituted a "search" within the meaning of both Constitutions (*see United States v Jones*, 565 US —, —, 132 S Ct 945, 948 [2012]; *People v Weaver*, 12 NY3d 433 [2009]), the search was reasonable under the special needs exception to the warrant requirement (*see Skinner v Railway Labor Executives' Assn.*, 489 US 602 [1989]).

Petitioner was not entitled to a *Frye* hearing (*see Frye v*

*United States*, 293 F 1013 [DC Cir 1923]) with regard to the GPS evidence, because that evidence did not concern a novel scientific theory, technique, or procedure (*see Nonnon v City of New York*, 32 AD3d 91, 102-103 [1st Dept 2006], *affd* 9 NY3d 825 [2007]; *see also People v Littlejohn*, 112 AD3d 67, 73 [2d Dept 2013], *lv denied* 22 NY3d 1140 [2014]).

The evidence that petitioner, on numerous occasions, charged passengers a rate that was double the legal rate, provided substantial evidence of his specific intent to overcharge the passengers (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-182 [1978]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Feinman, JJ.